## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANNE MORELAND,[1]                         *
O/B/O T.D. (MINOR CHILD)

                                      *

Petitioner,                               *        Civil Action No.  PX-17-1640

                                      *

v.                                        *

                                      *

PRINCE GEORGES COUNTY DEP'T OF            *
  SOCIAL SERVICES,                        *
PRINCE GEORGES COUNTY OFFICE              *
  OF LAW,                                 *
LEGAL AIDE OF MARYLAND,                   *

                                      *

Respondents.                              *

                                    ***

## MEMORANDUM OPINION

On June 15, 2017, Anne Moreland, who provides an address in in Houston, Texas, submitted a filing styled as a "42 U.S.C. § 2254 Action" on behalf of her three-year-old son TD, together with a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. Based on the information Moreland provides, she appears to be indigent. The Motion to Proceed in Forma Pauperis shall therefore be granted. *See* 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees"). As Moreland is filing for emergency injunctive relief and appears to intend to file a civil rights complaint, (*see e.g.*, ECF No. 1 at 4) the most appropriate legal avenue to raise her concerns is by way of a complaint pursuant to 42 U.S.C. § 1983, and her filing shall be construed accordingly. [2]

---

[1]  The docket will be amended to show the correct spelling of plaintiff's last name.

[2]  To the extent Moreland may have intended to file a petition for writ of habeas corpus under 42 U.S.C. §2254, that statute provides federal relief to persons in custody pursuant to a state court judgment where the custody allegedly violates federal or constitutional law.  Section 2254 does not apply to a decision to place a child in foster care. Further, § 2254 requires exhaustion of state court remedies before the claims may be presented in federal court, and there is no evidence that this prerequisite is met here.

Title 28 U.S.C. § 1915 directs district courts that they "shall dismiss [a] case" filed by a Plaintiff proceeding in forma pauperis if the Court determines that the action "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).  This Court is mindful of its obligation to construe liberally self-represented pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a pleading, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722–23 (4th Cir. 1989). The Complaint will be dismissed under this standard.

Moreland's allegations and cause of action are difficult to discern even with liberal construction.  She seems to assert TD was unlawfully "seized" in 2016 without a warrant and placed in foster care during the time she was living in Prince George's County, Maryland, by Child Protective Services, in violation of his constitutional rights, including the Fourth, Fourteenth Amendment, and of Maryland law.  *See generally*, ECF No. 1.  Moreland, who states that she has been diagnosed with terminal stage-four liver cancer, avers that TD has congenital adrenal hyperplasia, a disorder of the endocrine gland, and his physical and mental health have deteriorated since he has been taken into custody by Child Protective Services. She also disputes the State's apparent assertions that TD was endangered by his living conditions, that she was

2

unable to properly care for TD, and that she permitted an unregistered sex offender in violation of his parole to have access to the child. *See e.g.*, ECF No. 1 at 19, 21–22.[3] As relief, she asks this Court to grant an emergency hearing related to TD's "illegal detention" by the Prince Georges County Child Protective Services, and the Maryland Department of Social Services.

As a general rule, the "vast majority" of federal courts do not permit parents, guardians, or next friends to represent a minor child in federal court. *See, e.g.*, *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400–01 (4th Cir. 2005) (collecting cases). This practice is designed to protect the interests of the minor by precluding representation from anyone without legal training necessary to protect the child. The local rules of this Court provide that individuals who are parties in civil cases may only represent themselves. All parties other than individuals must be represented by counsel. Local Rule 101.1.a. Thus, Moreland may raise claims on her own behalf, but not on behalf of her minor child.

Even affording Moreland's claims liberal construction, and to the extent she is raising claims on her own behalf, the Complaint fails to state a claim upon which relief may be granted. This Court does not have original subject-matter jurisdiction over matters concerning paternity, child support, or child custody. *See Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger more direct interest). Further, this Court cannot review such a case even where the moving party establishes diversity jurisdiction. *See Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982) (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights); *Cantor v. Cohen*, 442 F.3d 196 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (noting federal courts "generally

---

[3] It appears a second child was placed in state care. That child is not a party in this case.

abstain from child custody matters).  Because the Court does not have jurisdiction in child custody matters, the Complaint will be dismissed. A separate Order shall follow.

Date: July 19, 2017                                               _____/S/_____
                                                                          PAULA XINIS
                                                                          United States District Judge